Loretta H. Rush, Chief Justice of Indiana
On April 13, 2018, the Indiana Supreme Court Disciplinary Commission filed a Verified Petition to Enjoin the Unauthorized Practice of Law against Respondent, Dawn Baker. The Commission's Verified Petition alleges that Baker operates Child Support Consulting of Indiana ("CSC"), which receives *73 a flat monthly fee from one entity to assist its clientele with child support issues. It further alleges that another entity pays Baker or CSC a per-person fee to provide similar services to its clientele-including acting as the individuals' "agent" to request information and seek agreed relief from child-support authorities, and sometimes helping them find and complete self-service forms to address support or parenting-time issues. The petition also alleges that Baker's services were at no time supervised by an attorney, and that Baker voluntarily removed references to similar services from CSC's website in 2011 after being contacted by the Commission.
Together with the Commission's filing of the Verified Petition, the parties have tendered for this Court's consideration a "Settlement Agreement," a copy of which is attached to this order. Article 7, section 4 of the Indiana Constitution, Indiana Code section 33-24-1-2(b)(2), and Indiana Admission and Discipline Rule 24 give this Court original jurisdiction over this matter.
Having considered the parties' agreement, the Court finds that it should be, and therefore is, accepted. Accordingly, Respondent, Dawn Baker, is hereby PERMANENTLY ENJOINED from providing, and holding herself out as capable of providing, legal advice or legal services to any Indiana resident or pertaining to any Indiana legal matter, unless and until she has obtained a license to practice law in Indiana. This restriction shall not preclude Respondent from seeking employment from, or being employed by, a lawyer or law firm as a non-lawyer assistant, so long as, while doing so, she abides by the terms of this permanent injunction and the attached Settlement Agreement and does not contravene the Indiana Rules of Professional Conduct or Guideline 9 for the Use of Non-Lawyer Assistants.
All Justices concur, except David, J., who votes to reject the settlement agreement.